UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO RODRIGUEZ, Booking #14745493,<br><br>                                Plaintiff,<br><br>      v.<br><br>BONNIE DUMANIS, et al.,<br>                              Defendants. | Case No.: 3:16-cv-00009 WQH (MDD)<br><br>**ORDER:**<br><br>**(1)  DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g) [ECF Doc. No. 3]**<br><br>**AND**<br><br>**(2)  DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

      Plaintiff, Pedro Rodriguez, currently detained at the San Diego Central Jail, has filed a civil rights Complaint ("Compl.") pursuant to 42 U.S.C. § 1983. (ECF Doc. No. 1.) Plaintiff seeks both damages and injunctive relief against the San Diego County District Attorney, two Assistant District Attorneys, and the City and County of San Diego based on claims that he is being denied a fair trial in pending criminal proceedings in San Diego Superior Court. *See* Compl. at 2-5, 14.

1

1  Plaintiff has not prepaid the full civil filing fee required by 28 U.S.C. § 1914(a);
2 instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") (ECF Doc. No. 3).

3  **I.  Motion to Proceed IFP**

4  "All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County*
5 *Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). "Prisoners" like Plaintiff, however,
6 "face an additional hurdle." *Id*. In addition to requiring prisoners to "pay the full amount
7 of a filing fee," in "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), *Williams v.*
8 *Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), the Prison Litigation Reform Act
9 ("PLRA") amended section 1915 to preclude the privilege to proceed IFP

> if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

14  28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes'
15 provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter
16 "*Andrews*").

17  "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP."
18 *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter
19 "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful
20 suits may entirely be barred from IFP status under the three strikes rule[.]"). The
21 objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner
22 litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).
23 "[S]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed both
24 before and after the statute's effective date." *Id.* at 1311.

25  "Strikes are prior cases or appeals, brought while the plaintiff was a prisoner,
26 which were dismissed on the ground that they were frivolous, malicious, or failed to state
27 a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the

district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). Once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

## II. Application to Plaintiff

As an initial matter, the Court has carefully reviewed Plaintiff's Complaint and has ascertained that it does not contain "plausible allegations" which suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)).

A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

Thus, this Court takes judicial notice that Plaintiff, while incarcerated, has brought at least three prior civil actions which have been dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g).

They are:

1) *Rodriguez v. Robinson, et al.*, Civil Case No. 3:14-02770-LAB-WVG (S.D. Cal. Jan. 16, 2015) (Order Granting Motion to Proceed IFP and Dismissing Complaint for failing to state a claim) (ECF Doc. No. 4) (strike one);

///

2) *Rodriguez v. Mitchell, et al.*, Civil Case No. 3:14-cv-02708-GPC-WVG (S.D. Cal. Feb. 18, 2015) (Order granting Motion to Proceed IFP and Dismissing Complaint for failing to state a claim and seeking monetary damages against immune defendants) (ECF Doc. No. 4.) (strike two); and

3) *Rodriguez v. Stall, et al.*, Civil Case No. 3:14-cv-02646-LAB-DHB (S.D. Cal. Apr. 23, 2015) (Order Dismissing First Amended Complaint for failing to state a claim) (ECF Doc. No. 11) (strike three).

Accordingly, because Plaintiff has, while incarcerated, accumulated at least the three "strikes"[1] permitted pursuant to § 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169 F.3d at 1180 (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

### III.   Conclusion and Order

For the reasons set forth above, the Court hereby:

(1)   DENIES Plaintiff's Motion to Proceed IFP (ECF Doc. No. 3) as barred by 28 U.S.C. § 1915(g);

(2)   DISMISSES this civil action sua sponte without prejudice for failing to prepay the $400 civil and administrative filing fees required by 28 U.S.C. § 1914(a); and

///

///

---

[1]  Plaintiff has, in fact, filed *twelve* separate civil rights actions in this Court alone since November 2014.

(3)   CERTIFIES that an IFP appeal from this Order would be frivolous and therefore, not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

The Clerk shall close the file.

IT IS SO ORDERED.

Dated: February 11, 2016

Hon. William Q. Hayes
United States District Court